704 A.2d 445

STATE OF MARYLAND COMMISSION
ON HUMAN RELATIONS

v.

SUBURBAN HOSPITAL, INC.

No. 23, Sept. Term, 1997.

Court of Appeals of Maryland.

Jan. 16, 1998.

Lee D. Hoshall, Asst. Gen. Counsel (Glendora C. Hughes, Gen. Counsel, Maryland Com'n on Human Relations, Baltimore, all on brief), for petitioner.

Laura S. Shores (Lisa J. Saks, Margaret M. Zwisler, Lois G. Williams, Diane E. Wolf, Julie Y. Patterson, Howrey & Simon, Washington, DC, all on brief), for amicus curiae.

S. Allan Adelman (Michael I. Joseph, Joseph D. Looney, Godard, West & Adelman, P.C., Rockville; Stanley Mazaroff, Venable, Baetjer & Howard, Baltimore, Pamela J. Moore, Littler, Mendelson, Tichy & Mathiason, Morristown, NJ, all on brief), for respondent.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY, WILNER, JJ., JOHN F. McAULIFFE and ROBERT L. KARWACKI, Judges (retired), Specially Assigned, and RAYMOND G. THIEME, Jr., Judge (Specially Assigned).

JOHN F. McAULIFFE, Judge (retired), Specially Assigned.

This case involves an attempt by the State of Maryland Commission on Human Relations (the Commission) to obtain *ex parte* and interlocutory relief against Suburban Hospital, Inc. (the Hospital) for the benefit of Dr. Carol L. Bender. The Commission contends that the Hospital is discriminating against Dr. Bender because of her sex by imposing conditions on the renewal of her staff privileges at the Hospital.

Dr. Bender filed a complaint with the Commission in August, 1993, alleging sexual discrimination. In November, 1995, the Commission issued a written finding of "probable cause" and initiated conciliation efforts. In February, 1996, after finding that conciliation attempts had failed, the Commission filed a statement of charges with the State Office of Administrative Hearings and requested a public hearing. That administrative proceeding is pending.

On February 20, 1996, the Commission filed a complaint in the Circuit Court for Montgomery County, seeking *ex parte* and interlocutory injunctive relief, including the continuation of Dr. Bender's privileges pending the outcome of the administrative proceeding. The Commission, relying on Sections 4 and 16(a) of Article 49B of the Maryland Code (1957, 1994 Repl.Vol.), alleged that:

> The Hospital has engaged in unlawful discriminatory employment practices by discriminating against Dr. Bender in the terms, conditions and privileges of her employment, and by interfering with, restricting, and attempting to foreclose her opportunities for employment with patients and with other third parties, all because of her sex.

Counsel for the hospital filed a prompt response, arguing, among other things, that an injunction should not be granted because:

> The Commission cannot meet the four-prong test for the grant of injunctive relief—likelihood of success on the merits, likelihood of greater harm by denying than granting the

injunctive relief, irreparable harm to Dr. Bender, and serving the public interest.

In particular, the Hospital argued that the Commission's likelihood of ultimate success on the merits was improbable because Dr. Bender was not an employee of the hospital, and she was therefore not entitled to the protection of the Maryland Fair Employment Practices Act, Maryland Code (1957, 1994 Repl.Vol.), Art. 49B, §§ 14–18.

On February 21, 1996, the Circuit Court acted on the Commission's request without a hearing. Judge James Ryan wrote the word "Denied" across the face of the proposed order submitted by the Commission, and signed and dated his action. The Commission appealed on the same day.

In the Court of Special Appeals, the Commission contended that the circuit judge had abused his discretion in refusing to issue an *ex parte* injunction and in refusing to issue an interlocutory injunction. The Hospital argued that the issues were moot because its Board of Trustees had denied Dr. Bender's application for reappointment on February 21, 1996, and had therefore effectively severed her affiliation with the Hospital.

The Court of Special Appeals held that the appeal from the denial of an *ex parte* injunction was moot because, under the circumstances of the case, the issuance of an *ex parte* injunction would offer no effective remedy. *State Comm. on Human Relations v. Suburban Hosp., Inc.*, 113 Md.App. 62, 78, 686 A.2d 706, 714 (1996). The court further held that the question of interlocutory injunctive relief was not moot because the circuit court could effectively reinstate the affiliation of the parties pending resolution of the administrative proceedings, but concluded that Judge Ryan's order of denial was directed only to the request for an *ex parte* injunction. Accordingly, the intermediate appellate court held that the circuit court had not acted on the request for an interlocutory injunction and that the Commission's appeal should be dismissed. *Id.*, 113 Md.App. at 81, 686 A.2d at 716.

The Court of Special Appeals did not, however, simply dismiss the appeal. The court went on to consider at length the Commission's likelihood of success on the merits, based upon the allegations of fact contained in the pleadings. Concluding that the Commission had no likelihood of ultimate success because the facts as alleged did not demonstrate the existence of an employment relationship with the Hospital or the interference of an employment relationship with others, the Court of Special Appeals directed in its mandate that the circuit court dismiss the Commission's action. *Id.,* 113 Md. App. at 104, 686 A.2d at 727.

### *Discussion*

We agree, for the reasons stated by the Court of Special Appeals, that under the circumstances of this case the appeal from the denial of an *ex parte* injunction is moot. Moreover, we agree that the circuit judge's order of denial addressed only the request for *ex parte* relief, and that the appeal was therefore properly dismissed.

We do not agree, however, with the action of the intermediate appellate court in mandating the dismissal of the claim for interlocutory injunctive relief. As the Court of Special Appeals properly held, the appeal was only from the denial of an *ex parte* injunction, and that appeal was properly dismissed as moot. The circuit court had not acted on the request for interlocutory relief, and nothing was properly before the intermediate appellate court on that issue. Although the Court of Special Appeals might well have included a discussion of the law for the guidance of the lower court on remand, it could not, under the circumstances, direct a disposition of issues not before it, and in any event the court should not have undertaken an examination of the likelihood of success on the merits before the parties had been given the opportunity to present evidence on the issues.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED; CASE REMANDED TO THAT COURT WITH DIRECTIONS TO DISMISS THE APPEAL. COSTS IN**

THIS COURT AND IN THE COURT OF SPECIAL AP-
PEALS TO BE PAID BY SUBURBAN HOSPITAL, INC.